IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,       )
                                )
                 Plaintiff,     )
                                )    Nos.  03-10122-01-WEB
v.                              )           04-10047-01-WEB
                                )
JOSE JAVIER LOZA,               )
                                )
                 Defendant.     )
_____)

**Memorandum and Order**

This matter came before the court on November 14, 2005, for re-sentencing following the Tenth

Circuit's remand.  *See United States v. Loza*, 2005 WL 2093049 (10th Cir., Aug. 31, 2005).  At the

November 14th sentencing hearing the court orally denied the defendant's objection to the Presentence

Report and re-sentenced him to a total term of imprisonment of 78 months.  This written memorandum will

supplement the court's oral ruling.

   I. *Summary of Prior Proceedings*.

Defendant was indicted in Case No. 03-10122 on one count of unlawful possession with intent to

distribute more than 100 kilograms of marijuana.  He was subsequently released on conditions of bond on

July 9, 2003, but he failed to report to the probation office as required and failed to appear at a scheduled

status and motions hearing.  A warrant was issued for his arrest.  Defendant was subsequently arrested at

the Mexico-United States border in California on February 19, 2004, as he attempted to re-enter the

United States.  He was later returned to the District of Kansas. On March 9, 2004, an indictment was filed

in Case No. 04-10047 charging defendant with one count of unlawful failure to appear at the

aforementioned status/motions hearing.

On June 14, 2004, following this court's denial of defendant's motion to suppress evidence in Case No. 03-10122, defendant entered a plea of guilty to the charges in both cases. There was no plea agreement in either case. A Presentence Report was prepared and the matter came before the court for sentencing on September 13, 2004. At that time defendant objected to the PSR's denial of any reduction for acceptance of responsibility (USSG § 3E1.1) on two grounds. First, he argued that under the Supreme Court's ruling in *Blakely v. Washington*, 542 U.S. 296 (2004) the court was prohibited from making factual findings that might preclude the reduction; and second, he argued extraordinary circumstances were present that warranted granting the reduction. This court denied his objection and, after determining that the applicable guideline range was 78-97 months, sentenced him to a term of 78 months imprisonment.

In his subsequent appeal to the Tenth Circuit, defendant argued that the sentence violated the intervening decision of *United States v. Booker*, 125 S.Ct. 738 (2005), and also that this court erred by making insufficient factual findings to support the denial of any reduction for acceptance of responsibility. The Tenth Circuit agreed that this court committed non-constitutional *Booker* error by treating the guidelines as mandatory rather than advisory, and it remanded for re-sentencing in light of *Booker*. Because the case was remanded for re-sentencing, the Circuit found it unnecessary to address defendant's argument that the court made insufficient factual findings relating to the denial of acceptance of responsibility.

II. *Re-sentencing.*

The parties have filed supplemental briefs relating to defendant's objection that he is entitled to a reduction for acceptance of responsibility. Defendant cites the case of *United States v. Bradford*, 423

F.3d 1149 (10th Cir. 2005), a case in which the district court granted an absconding defendant a reduction for acceptance, even though it also gave an enhancement for obstruction of justice because the defendant had absconded while on bond.  In response, the Government points out that the guidelines provide that conduct which results in an enhancement for obstruction of justice ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct, and that such a reduction will only be granted in "extraordinary cases."  It also points out that the defendant fled to Mexico and was only apprehended as the result of outstanding work by the Marshals and Immigration Officials when the defendant tried to re-enter the United States.

A reduction under USSG § 3E1.1 is appropriate "if the defendant clearly demonstrates acceptance of responsibility for his offense,..."  Factors relevant to this determination include, among others: a defendant's truthful admission of the conduct constituting the offense; voluntary withdrawal from criminal conduct; voluntary surrender to authorities promptly after commission of the offense; post-offense rehabilitative efforts; and the timeliness of the defendant's conduct manifesting the acceptance of responsibility.  USSG § 3E1.1, comment. n. 1.  Entry of a guilty plea prior to trial, combined with the truthful admission of the offense conduct and truthful admission (or not falsely denying) relevant conduct will constitute significant evidence of acceptance of responsibility.  Such evidence may be outweighed, however, by conduct of the defendant that is inconsistent with such acceptance of responsibility.  *Id*., n. 3.  Conduct resulting in an enhancement for obstruction of justice ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct, although there may be "extraordinary cases" in which both an increase for obstruction and a reduction for acceptance are appropriate.  *Id*., n.4.

Although the defendant entered a plea of guilty and truthfully admitted his offense conduct in these

cases, the court concludes this factor is outweighed by conduct that is inconsistent with acceptance of responsibility.  Defendant's flight after being released on bond shows that he sought to avoid responsibility for his actions.  He did not voluntarily turn himself in; he fled to Mexico and remained a fugitive for approximately six months until he was apprehended at the border while trying to re-enter the United States.  While the defendant subsequently pled guilty after being apprehended, the court concludes that this fact in insufficient under the circumstances to make this an "extraordinary case" or to otherwise clearly demonstrate acceptance of responsibility.  Accordingly, defendant's objection to the Presentence Report is denied.

After considering the factors for sentencing in 18 U.S.C. § 3553, including the advisory, non-binding sentencing guidelines -- as well as all of the other listed factors, including the nature and circumstances of the defendant's offense, the need to provide just punishment, and the need to avoid unwarranted sentencing disparities -- the court concludes that a custodial sentence of 78 months, representing the low end of the advisory guideline range, is appropriate in this case.  Of course, the defendant is entitled to credit for time already served on this sentence.

III.  *Conclusion.*

The defendant's objection to the Presentence Report is DENIED.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this 15th     day of November, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

4